# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:19-cr-014 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| EVERETT SATTERWHITE (1), | : | |
| JAMES WILSON, JR. (2), | : | |
| KEVIN DORN (3), | : | |
| Defendants. | : | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreements, the Court HEREBY FINDS THAT:

On January 22, 2019, a grand jury in the Southern District of Ohio returned an Indictment, charging the defendants in Count 1 with Conspiracy to Possess with Intent to Distribute Cocaine and Valeryl Fentanyl, in violation of 21 U.S.C. § 846, among other offenses.

Pursuant to Fed. R. Crim. P. 32.2(a), a forfeiture allegation in the Indictment contained notice to the defendants that the United States would seek the forfeiture, under 21 U.S.C. § 853(a), of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count 1 of the Indictment, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, including but not limited to, the following property (the "subject property"):

- FN Model Five-Seven, Cal: 5.7x28 SN: 386247822, one magazine and twenty-one rounds of 5.7x28 caliber ammunition;

- Samsung flip phone, MEID: 35563807259322;

- Samsung flip phone, MEID 35563807014986;

- Samsung flip phone, MEID HEX A00000485992C5;

- Black Apple iPhone without a case, SN: unknown;

- White Apple iPhone in a red case, SN: unknown; and

- Black Apple iPhone in a black case, SN: unknown.

On June 24, 2019, defendant James Wilson, Jr. entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 21 U.S.C. § 853(a), as proceeds of the offense and/or property that facilitated such offense. James Wilson, Jr. entered a plea of guilty to Count 1 of the Indictment on June 24, 2019.

On July 19, 2019, defendant Everett Satterwhite entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 21 U.S.C. § 853(a), as proceeds of the offense and/or property that facilitated such offense. Everett Satterwhite entered a plea of guilty to Count 1 of the Indictment on July 19, 2019.

On August 2, 2019, defendant Kevin Dorn entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 21 U.S.C. § 853(a), as proceeds of the offense and/or property that facilitated such offense. Kevin Dorn entered a plea of guilty to Count 1 of the Indictment on August 2, 2019.

The subject property is forfeitable, pursuant to 21 U.S.C. § 853(a), as proceeds of the offense charged in Count 1 of the Indictment and/or property that facilitated such offense. The

defendants had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the offense to which the defendants have pled guilty.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 21 U.S.C. § 853(a).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the defendants or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendants, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property

must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with the Plea Agreements, this Preliminary Order of Forfeiture is final as to each defendant and shall become final as to each defendant at sentencing and shall be made part of the sentence and included in the Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

SO ORDERED:

Dated: October 9, 2019  \*s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE